UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| Matthew Lankford,<br>individually and on behalf of all others similarly situated,<br>　　　　　　　　　　　　　　　Plaintiff(s)<br><br>　-v.-<br>Alltran Education, Inc.<br><br><br>　　　　　　　　　　　　　　　Defendant(s). | Case No: 6:21-cv-1382<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Matthew Lankford ("Plaintiff"), brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against Defendant Alltran Education, Inc. ("Alltran"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1. The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). The Act was promulgated because of the concern that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* It concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer

protection laws were inadequate, *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over state law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of consumers under § 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Texas, County of Somervell.

8. Defendant Alltran is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with a service address at C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201.

9. Upon information and belief, Defendant Alltran is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is the practice of law attempting to collect debts.

## CLASS ALLEGATIONS

10. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of all individuals:

    a. with addresses in the State of Texas;

    b. to whom Defendant Alltran sent an initial letter;

    c. attempting to collect a consumer debt;

    d. in two sub-classes where the letter:

        i. that states the amount due may vary due to interest although no interest is being charged; or

        ii. states a "Principal" amount that includes interest and/or fees; and

    e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf it attempts to collect and/or has purchased debts.

13. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

15. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff

Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

   d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19. Plaintiff repeats the above allegations as if set forth here.

20. Some time prior to March 8, 2021, Plaintiff allegedly incurred an obligation to non-party Arizona State University ("ASU").

21. This alleged debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a (5), specifically for personal education.

22. ASU is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

23. According to the letter received by Plaintiff, ASU referred the account with Defendant Alltran to collect the alleged debt.

24. Defendant Alltran collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of itself or other creditors using the United States Postal Services, telephone and internet.

*Violation – March 8, 2021 Collection Letter*

25. On or about March 8, 2021, Defendant Alltran sent Plaintiff an initial collection letter. A copy of this letter is attached as Exhibit A.

26. The Letter states:

> As of the date of this letter, you owe the total balance due reflected above. Because of interest, late charges and other charges that may vary from day to day, the amount due on the day you pay may be greater. As a result, if you pay the amount shown above, an adjustment may be necessary after we receive your payment, in which event we will contact you.

27. The Letter states interest, late charges, and other charges are being charged on the Account.

28. However, Defendant is not charging interest, late charges, or other charges on the Account.

29. Subsequent to the date of the Letter, the amount demanded by Defendant did not change.

30. Contrary to the Letter the balance will not vary.

31. Stating that the balance may increase is merely a deceptive collection tactic intended to intimidate and coerce Plaintiff into paying immediately.

32. Due to the deceptive language in the Letter, Plaintiff was pressured to make payment before the balance rose.

33. Plaintiff disputes the amount alleged as owed in the letter.

34. The Letter states the "Principal" portion of the alleged debt is $6,196.88.

35. The Letter stated that Plaintiff owes $6,196.88 of principal.

36. The "Principal" of $6,196.88 actually includes principal along with interest, fees, collection costs, or other charges.

37. The Letter does not state that any current interest, fees, or other charges are included in this amount.

38. Stating that this amount only includes principal is therefore false and deceptive.

39. The Letter also states that Interest, Collection Cost, and Fees & Other Non-Collection Charges, are all $0.00.

40. Upon information and belief, these amounts are incorrect.

41. The total alleged ASU debt amount includes interest, collection or other costs, charges, and/or other amounts.

42. Defendant deceptively tried to conceal that $6,196.88 includes interest, collection costs, charges, and/or other amounts, making it appear that the principal amount owed is greater than reality.

43. Plaintiff was unable to evaluate how much is truly being alleged as the correct balance.

44. Plaintiff could not properly evaluate the demand for payment or how to address it.

45. The Letter did not make sense to Plaintiff who therefore was required to spend time making sense of the Letter and its content.

46. Defendant's actions caused Plaintiff to suspect there was fraud involved with this collection.

47. Because of Defendant's improper acts, Plaintiff expended time, money, and effort in determining the proper course of action.

48. Plaintiff was fearful, stressed, emotionally harmed, concerned, and confused by the Letter.

49. Plaintiff would have pursued a different course of action were it not for Defendant's violations.

50. Plaintiff was unable to determine the true balance and its component parts.

51. Plaintiff was therefore unable to pay the debt in whole or part.

52. The funds Plaintiff could have used to pay the debt were therefore spent elsewhere.

53. Plaintiff was therefore left with less funds with which to pay off this debt.

54. In addition, Plaintiff suffered emotional harm due to Defendant's improper acts.

55. Defendant's conduct prevented Plaintiff from acting in the ways he would have otherwise acted had Defendant's letter not been improper.

56. Plaintiff was unable to properly respond as it would be foolhardy for Plaintiff to pay some of this debt when the Letter stated incorrect amounts.

57. These violations by Defendants were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

58. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

59. Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to Defendant's demand for payment of this debt.

60. Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

61. Plaintiff was confused and misled to his detriment by the statements in the dunning letter, and relied on the contents of the letter to his detriment.

62. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

63. The harms caused by Defendants have a close relationship to harms traditionally recognized as providing a basis for a lawsuit in American courts.

64. As it relates to this case, the common-law analogue is to the traditional torts of misrepresentation, malicious prosecution, wrongful use of civil proceedings, abuse of process, and fraud.

65. The common-law torts of malicious prosecution, wrongful use of civil proceedings, and abuse of process cause harm as the individual is compelled to defend against an inaccurate claim which subjects him to the panoply of psychological pressure; a normal person subjected to this suffers at least some damages.

66. A party may pursue a wrongful civil litigation claim without showing any special kind of injury.

67. Conceptually, the tort of fraud is an interference with another's interest in being able to make certain kinds of decisions in certain settings free of misinformation generated by others.

68. For purposes of this action, only a close relationship to common-law harm needed, not an exact duplicate.

69. Plaintiff is entitled to receive proper debt collection communications with proper notice of the details of the debt, and specifically not information that clouds, conceals, or misconstrues this, as required by the FDCPA.

70. Defendant failed to effectively inform Plaintiff of the relevant information, and in fact attempted to conceal and misconstrue it, in violation of the law.

71. The FDCPA ensures that debtors will use accurate, non-misleading information provided by debt collectors in choosing how to respond to collection attempts and how to manage and repay their debts.

72. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et seq.*

73. Plaintiff repeats the above allegations as if set forth here.

74. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

75. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

76. Defendant violated said section by:

   a. Making a false and misleading representation in violation of §§ 1692e and 1692e (10) stating or implying the debt would increase although it did not;

   b. Falsely representing the character, amount or legal status of the debt in violation of § 1692e (2); and

   c. Threatening to take an action that it did not intend to take, in violation of § 1692e (5).

77. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e, *et seq*. of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq*

78. Plaintiff repeats the above allegations as if set forth here.

79. Alternatively, Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692f.

80. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

81. Defendant violated this section by unfairly stating that the balance may rise although it would not, and misstating the component parts of the debt.

82. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f, et seq. of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

83. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Matthew Lankford, individually and on behalf of all others similarly situated, demands judgment from Defendant Alltran, as follows:

a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Yaakov Saks, Esq., as Class Counsel;

b) Awarding Plaintiff and the Class statutory damages;

  c)  Awarding Plaintiff and the Class actual damages;

  d)  Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

  e)  Awarding pre-judgment interest and post-judgment interest; and

  f)  Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: December 30, 2021       Respectfully submitted,

                Stein Saks, PLLC

                By:/s/ Yaakov Saks
                Yaakov Saks, Esq.
                One University Plaza, Suite 620
                Hackensack, NJ, 07601
                P. (201) 282-6500 x101
                F. (201) 282-6501
                YSaks@SteinSaksLegal.com

                *Attorneys for Plaintiff*